IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| **CHAD JOHNSON**, | Civ. No. 1:24-cv-00758-CL |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| **TINA KOTEK; KRIS STRICKLER**, | |
| Defendants. | |

_____

AIKEN, District Judge:

Pro se plaintiff Chad Johnson seeks leave to proceed *in forma pauperis* ("IFP") in this action. ECF No. 3. Plaintiff also moves for a temporary restraining order ("TRO") and preliminary injunction requiring defendants to "remove the 90 day [ignition interlocking device] requirement" imposed by the Department of Motor Vehicles following Plaintiff's plea agreement involving a charge of driving under the influence of intoxicants, and to restore his driving privileges.

For the reasons set forth below, Plaintiff's TRO motion, ECF No. 1, is DENIED. Plaintiff's Motion for an Injunction, ECF No. 2, is DENIED. The Court defers ruling on Plaintiff's Motion to Proceed IFP, ECF No. 3, until Plaintiff has filed a complaint setting forth his legal claims.

**LEGAL STANDARD**

Generally, all parties instituting any civil action in the United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

Regarding the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id*.

Pro se pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by pro se plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Unless it is absolutely clear that no amendment can cure the defect, a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016). A district court may deny leave to amend when amendment would be futile. *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1130 (9th Cir. 2013).

## DISCUSSION

Plaintiff must file a Complaint before the Court can determine whether he may proceed IFP. This is based on the above rule that a court must make "two determinations" before allowing a plaintiff to proceed IFP: first, the Court determines whether the litigant is unable to pay the costs of filing, and second, whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B). The Court cannot make the second determination until Plaintiff has

filed a Complaint that includes a short and plain statement of facts about his case and the laws that defendants violated which entitle him to relief.

As noted above, Plaintiff also asks for both a TRO and a preliminary injunction that will allow him to enjoy full driving privileges.

The standard for issuing a TRO and for issuing a preliminary injunction are essentially the same. The moving party must demonstrate that: (1) it is ***likely to succeed on the merits***; (2) it is likely to suffer irreparable harm in the absence of relief; (3) the balance of equity tips in its favor; and (4) the injunction is in the public interest. *See Beaty v. Brewer*, 649 F.3d 1071, 1072 (9th Cir. 2011) (citing *Winter v. NRDC, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008)).

From above, looking at step (1), the law requires the Court to review whether Plaintiff is likely to succeed "on the merits." What that means is that the Court must determine whether plaintiff's legal claims have a likelihood of winning. However, Plaintiff has not filed the proper document that sets out "the merits" of his legal claims. Plaintiff must file a document called a complaint. A complaint is where a plaintiff writes a short and plain statement of what happened in their case, the law they believe the defendants violated, and an explanation of how the defendants violated the law. Until Plaintiff has filed a complaint, the Court cannot make any decisions on whether he is likely to succeed "on the merits" to rule on his motion for TRO or motion for preliminary injunction.

The Court understands that plaintiff is not a lawyer and is representing himself. The Court's website has resources for self-represented parties, including a

form for the complaint: https://www.ord.uscourts.gov/index.php/representing-yourself/information-about-representing-yourself.

## CONCLUSION

Plaintiff is ordered to file his complaint within 30 days. If Plaintiff does not file a complaint within 30 days, the case will be dismissed. Plaintiff's TRO motion, ECF No. 1, is DENIED. Plaintiff's Motion for an Injunction, ECF No. 2, is DENIED. The Court defers ruling on Plaintiff's Motion to Proceed IFP, ECF No. 3, until Plaintiff has filed a complaint setting forth his legal claims.

It is so ORDERED and DATED this <u>17th</u> day of May 2024.

<u>　/s/Ann Aiken　　　　　</u>

Ann Aiken
United States District Judge